

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers

~~JIMMXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble,
First Assistant
State Superintendent
of Public Instruction
Austin, Texas

Dear Sir:

Opinion O-5794
Re: Would it be obligatory
for the Lubbock Independent
School District, operating
school buses for white
children to also transport
negro children?

We acknowledge receipt of your letter of recent date in which you enclose the hereinafter quoted letter from Mr. A. C. Jackson, Business Manager of Lubbock Independent School District, which letter reads as follows:

"We have a question in this district that has arisen that I would like for you to furnish me with an opinion from the Attorney General regarding it, if you have a recent opinion that would suffice. The facts are these:

"A. The Lubbock Independent School District comprising approximately ten miles square operates school busses for the white children living three miles or more from the schools.

"B. We have now been called upon to transport three or four negro families, who are tenants and who live more than three miles from the schools.

"C. We have no facilities for transportation of negro children.

"What we would like to know is whether the Board, having established a policy of transporting the white children, make it obligatory on their part to transport the negro children.

"Heretofore, there has never been any appreciative number of colored children living in the country. Of course, we maintain an Elementary and High School separate from the whites in Lubbock

Honorable T. N. Trimble    Page 2

and all colored children in the district have been attending these schools.

"If we are obligated to transport colored children can they be transported along with the white children or whether separate transportation would have to be provided?

"Any information that you may be able to give me relative to this will be appreciated."

Replying to the foregoing letter, we call your attention to Article VII, section 7 of the Constitution of Texas and to Article 2900 Revised Statutes, which are as follows:

"Sec. 7.  Separate schools shall be provided for the white and colored children, and impartial provision shall be made for both."

"Article 2900.  All available public school funds of this State shall be appropriated in each county for the education alike of white and colored children, and impartial provision shall be made for both races.  No white children shall attend schools supported for colored children, nor shall colored children attend schools supported for white children. The terms 'colored race' and 'colored children,' as used in this title, include all persons of mixed blood descended from negro ancestry."

It will be observed that both the Constitution and the statute cited above require that "impartial provisions shall be made for both" races.  Since the Lubbock school district has made provision for transporting white children who live more than three miles from the schools, it follows that this would not be an impartial provision unless a similar provision is made for transporting the colored children who live more than three miles from their school.

You are therefore advised that colored children are entitled to the same facilities for transportation to and from school as are white children.

Whether such impartial facilities in the way of bus transportation are provided by furnishing separate busses for the two races, or by providing forthe use of the same bus by the children of both races, is a matter not governed by any statutory law.  It is a matter to be determined by the local school authorities.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. F. Gibson
Assistant

CFG:med:bm

APPROVED JAN 15, 1944
Grover Sellers